UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervin M. Lopez, | ) C/A No. 4:14-4285-BHH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden, Perry Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

### BACKGROUND[1]

Petitioner is currently incarcerated in Perry Correctional Institution pursuant to an order of commitment from the Clerk of Court of Richland County. A Richland County grand jury indicted Petitioner in July 2001 for armed robbery and robbery (01-GS-40-5246),

---

[1]This court may take judicial notice of Civil Action No. 4:13-cv-2872. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). The Background set forth herein is taken from the Report and Recommendation, which was accepted by the District Court, in Petitioner's previous habeas case. It is well established that a Court may take judicial notice of its own books and records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

1

kidnapping (01-GS-40-5247), assault and battery of a high and aggravated nature (ABHAN) and carrying a concealed weapon (01-GS-40-5248), and grand larceny of a vehicle (01-GS-40-5249). Petitioner proceeded to a jury trial on July 8–11, 2002, before the Honorable James C. Williams, Jr. On July 11, 2002, the jury found Petitioner guilty of all four charges. Petitioner was sentenced to the following terms of incarceration, which were to run consecutively: five (5) years for grand larceny, ten (10) years for ABHAN, fifteen (15) years for armed robbery, and life without parole for kidnapping .

This is the second § 2254 Petition that he has filed in this court seeking to challenge his 2002 convictions. See, e.g., Civil Action Nos. 4:13-2872-BHH. His first such petition was recently adjudicated on the merits by the Court with Respondent's motion for summary judgment being granted in its entirety and the petition being denied and dismissed without an evidentiary hearing. See Id. (at Doc. # 71).[2]

In the Petition now under review, Petitioner indicates that he is seeking to proceed in Federal Court on a Section 2254 habeas petition even in light of what he asserts is an inordinate delay concerning a post conviction relief application by Petitioner in state court. In his request for relief, he asks that this court "allow [him] to proceed pursuant to the laws and rules of inordinate delay and 28 U.S.C. Section 2254." There is nothing in the Petition showing that Petitioner sought and obtained permission from the Fourth Circuit Court of Appeals before filing this second habeas case attempting to challenge the same 2002 convictions.

## INITIAL REVIEW

---

[2]The Court notes that Petitioner has filed a motion for reconsideration with the District Court, and has also filed a notice of appeal of the Court's decision, both of which are pending.

Under established local procedure in this judicial district, a careful review was made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. De'Lonta v. Angelone, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; see Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be

3

summarily dismissed.

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. See In re Vial, 115 F.3d at 1194.[3] The "gatekeeping" mechanism

---

[3] With authorization, Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing

created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court <u>sua sponte</u>. <u>Rodriguez v. Johnson</u>, 104 F.3d 694, 697 (5th Cir. 1997); <u>Latimer v. Warden</u>, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

The Petition filed in this case should be dismissed as successive because Petitioner's procedural history in this court, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his 2002 convictions in which the court determined on the merits that he was not entitled to relief. Civil Action No. 4:13-2872-BHH. The Court notes that the issue Petitioner appears to be concerned with in his current filing with regard to his "pending" state PCR was raised and addressed in great detail in the Report and Recommendation addressing Petitioner's initial habeas petition, which was accepted and incorporated by the District Court in its Order of dismissal:

> Petitioner filed a motion to stay and hold his petition in abeyance pending the state court's ruling on his second PCR action. (Doc. # 34). Respondent opposes the motion arguing that the conditional order of dismissal in Petitioner's second PCR action states that the issues are successive so that there is no need to stay the action while the matter is being resolved.
> In <u>Rhines v. Weber</u>, supra, the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. Id. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. Id. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate

---

or for a writ of certiorari." § 2244(b)(3)(E).

the petition. Id. The Court recognized, however, that applying the "stay and abeyance" procedure could undermine Congress' design in the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. Id. at 277. To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. Rhines, 544 U.S. at 278.

Petitioner filed a second PCR application on July 18, 2013. A conditional order of dismissal was entered in that case on October 10, 2013, finding that Petitioner's second PCR was both successive and untimely. No final order has been provided to this court as of the filing of the report and recommendation. A review of the second PCR application reflects that Petitioner raised an issue that he was denied the right to effective assistance of appellate PCR counsel for failing to raise issues in the PCR appeal and that he has discovered that the state denied him due process of law by using perjured evidence to charge and convict him. As to his claims regarding assistance of appellate PCR counsel, his claims [are] not cognizable for federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) (claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief); Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) (errors in state postconviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief). As to the second argument, Petitioner argues specifically that he newly discovered that a detainer remains pending on a charge of Assault and Battery with Intent to Kill (ABWIK) which proves that he was illegally detained for the purpose of taking his photo for the photo lineup. However, this argument was presented and addressed in state court and is included in this federal habeas review. Therefore, to the extent Petitioner seeks to stay consideration of this petition until the state courts rule on his second PCR application, it is recommended that the motion be denied. It does not appear that these claims are not plainly meritless. Because Petitioner does not meet the "good cause" requirement of Rhines and his unexhausted claims are not potentially meritorious, a stay is not appropriate in this instance. Accordingly, it is recommended that Petitioner's motion to stay his habeas corpus petition (Doc.#34) while his second pending PCR application is ruled upon, be denied.

The Court notes that Petitioner raises the same issue in this case, as he did in his initial petition, albeit by a different procedural mechanism. In his initial petition, Petitioner filed a motion to stay and hold his case in abeyance pending a final disposition of his pending state PCR. Now in this case, he seems to be asking that he be allowed to go forward on his habeas petition despite the

6

status of his state PCR.  Essentially, the relief he now requests is moot, as the Court did proceed to adjudicate his initial Petition on the merits, as he appears to now request.[4]

Ultimately, however, because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the successive Petition now under review, this court does not have jurisdiction to consider it and it is subject to summary dismissal without service on the Respondent. See United States v. Winestock, 340 F.3d 200, 205-06 (4th Cir. 2003); Moody v. Maynard, 105 F. App'x 458, 464-65 (4th Cir. 2004).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* as successive and unauthorized.

Petitioner's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 31, 2015
Florence, South Carolina

---

[4]The Court notes that Petitioner may have intended to file the initial filings in the instant case as a motion in Civil Action No. 4:13-2872-BHH, however, since he did not include a case number on his filing or indicate his intent to file in a pending case, the Clerk's office opened a new case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).