UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervin M. Lopez,<br><br>                Petitioner,<br>vs.<br><br>Warden, Perry Correctional Institution,<br><br>                Respondent. | Civil Action No.: 4:14-4285-BHH<br><br>**Opinion and Order** |

Petitioner, Ervin M. Lopez, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Petitioner's § 2254 petition be summarily dismissed *with prejudice* as successive and unauthorized. (ECF No. 15.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action against Respondent, challenging his 2002 convictions. On March 31, 2015, the Magistrate Judge issued a Report. Petitioner filed his Objections on April 20, 2015. (ECF No. 21.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed

Petitioner's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a pro se litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

2

Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. According the requisite liberal construction, the Court finds that one portion of Petitioner's filing raises a specific objection and thus invokes *de novo* review, which the Court has conducted. Petitioner objects that the Magistrate Judge erred in finding the § 2254 petition to be successive because "Petitioner's first and second habeas corpus petitions are different and . . . the first habeas corpus petition is still pending and not finalized yet." (ECF No. 21 at 5.)

To resolve this objection, some explanation of the first habeas action is necessary. At the time the Magistrate Judge issued his Report, Petitioner's first habeas action was ongoing. *See* Civil Action No. 4:13-2872-BHH. Petitioner had filed a motion to reconsider the Court's Order dismissing his first § 2254 petition, arguing that his objections to the Report should be considered. Civil Action No. 4:13-2872-BHH, ECF No. 75. Petitioner had also filed a notice of appeal. Civil Action No. 4:13-2872-BHH, ECF No. 77. After the Report in *this action* was issued, the Court granted the motion to reconsider in the first habeas action. Civil Action No. 4:13-2872-BHH, ECF No. 87. However, the Court ultimately dismissed the first § 2254 petition, finding Petitioner's objections to be without merit. Civil Action No. 4:13-2872-BHH, ECF No. 105. Petitioner again filed a notice of appeal, which the Fourth Circuit dismissed. Civil Action No. 4:13-

2872-BHH, ECF Nos. 108; 113. Thus, when the Report in this action was issued, Petitioner's motion for reconsideration and notice of appeal were both pending in the first habeas action. However, the motion and appeal were subsequently resolved and the first action has since been closed. Petitioner is therefore mistaken in arguing that his first habeas action is still pending.

Regardless, the status of the first habeas action is irrelevant to finding that the second § 2254 petition is successive. Although Petitioner argues that the two habeas petitions are different, the Court agrees with the Magistrate Judge that both petitions contest Petitioner's 2002 convictions. This is therefore a successive habeas petition that requires Petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). As the Magistrate Judge correctly found, Petitioner did not seek and obtain permission from the Fourth Circuit Court of Appeals before filing this second habeas case attempting to challenge the same 2002 convictions. (ECF No. 15 at 2.) Petitioner does not argue otherwise in his objections and this objection is therefore overruled.

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. And, because the Court agrees with the Magistrate's cogent analysis, it need not discuss Petitioner's claims for a second time here. Therefore, the Court overrules Petitioner's remaining objections.

## **CONCLUSION**

4

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 8, 2016
5

Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6